**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN DOE,

      Plaintiffs.

vs.                                                                                                    Cause No. 1:24-cv-00880-JFR/GBW

ST. JOHN'S COLLEGE, MARK
ROOSEVELT, individually and as
an agent and employee of St. John's
College, CHRISTINA GUEVARA,
Individually and as an agent and
employee of St. John's College, John
And Jane Roes 1-5, individually and as
Agents and employees of St. John's College,

      Defendants.

**<u>DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants St. John's College ("SJC"), Mark Roosevelt ("Roosevelt"), and Christina Guevara ("Guevara" and herein collectively "College Defendants"), by and through counsel of record, Modrall Sperling Roehl Harris & Sisk, P.A. (Jennifer G. Anderson and Margaret M. Hickey) respectfully move this Court to dismiss Plaintiff's claims for Denial of Fourteenth Amendment Due Process Rights, 42 U.S.C. § 1983 (Count III) and Denial of Fourteenth Amendment Equal Protection Rights, 42 U.S.C. § 1983 (Count IV). Pursuant to Local Rule 7.1(a), undersigned counsel consulted with Plaintiff's counsel and understands that Plaintiff intends to oppose this motion

**INTRODUCTION**

      Plaintiff, a former student of SJC during the 2022-2023 school year, alleges discrimination on the basis of gender and disability with respect to the manner in which the College Defendants responded to a complaint of sexual assault in August of 2022. Plaintiff claims he faced retaliation

from administrators and his peers as a result of the accusations against him. Consistent with SJC's policies and procedures, Plaintiff was afforded numerous opportunities to provide his version of events, name witnesses, identify evidence, and engage in the gathering of evidence in the course of a formal investigation. Plaintiff was also afforded a formal hearing in which the Hearing Panel ultimately determined that Plaintiff was not in violation of SJC's policies.

Despite Plaintiff's satisfaction with the outcome of the final determination of the sexual assault claim, Plaintiff brings a variety of state and federal claims against College Defendants founded on allegations that the investigation and hearing were inadequate and motivated by gender and racial bias. However, with respect to Counts III and IV, Plaintiff's Complaint is both legally and factually deficient. Specifically, Plaintiff's Counts III and IV for violation of 42 U.S.C. § 1983 fail as College Defendants are not state actors. Although Plaintiff's Complaint suggests that SJC acted under the color of state law simply because SJC received federal and state funds and complied with state and federal law, it is well-settled that federal funding and compliance with applicable law is insufficient to establish state action by a private person and/or entity.

Therefore, Plaintiff's claims for Denial of Fourteenth Amendment Due Process Rights, 42 U.S.C. § 1983 and Denial of Fourteenth Amendment Equal Protection Rights, 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted and must be dismissed.

## FACTUAL BACKGROUND

Plaintiff enrolled at SJC in its Great Books Program during its 2022-2023 academic school year. Plaintiff's Complaint ("Compl.") [Doc 1-A], ¶¶ 22-25[1]. SJC is a private college that receives government funding. Compl, [Doc 1-A], ¶ 12; *see also*, St. John's College's Title IX Sexual

---

[1] As this is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), College Defendants recite the factual allegations of Plaintiff's Complaint and, for purposes of this motion only, do not contest the validity and accuracy of said allegations.

Harassment Policy, p. 1, attached hereto as **Exhibit 1**.[2] SJC adopted *St John's College Title IX Sexual Harassment Policy* ("Policy") to ensure compliance with applicable federal and state law and to "promote a community that is in line with the values these civil rights laws envisioned." *Id; see also*, Compl, [Doc 1-A], ¶¶ 214-34. SJC's Policy sets forth the policy and procedures regarding complaints, investigations, hearings, and general rights of parties in connection with allegations concerning on-campus, student-on-student sexual assault, such as those levied against Plaintiff by a fellow student, Mary Roe. Compl, [Doc 1-A], ¶¶ 94; 96-99; *see generally*, Exh. 1. Under the Policy, a complainant is encouraged to make reports of alleged violation of the Policy to the Title IX Coordinator or a Deputy Title IX Coordinator ("Title XI Office"). *See* Exh. 1, p 10.

On or about September 19, 2022, Mary Roe made an oral complaint and subsequently a formal written complaint to the Title IX Office, alleging that Plaintiff sexually assaulted Mary Roe in her dorm on August 23, 2022, while she was incapable of consenting. Compl, [Doc 1-A], ¶¶ 94; 96-99. Consistent with SJC's Policy, the Title IX Office notified Plaintiff that the Title IX Office received a formal complaint related to an alleged violation of the Policy and Sexual Misconduct policies and would be "opening an investigation to determine whether the allegation(s) in the [ ] formal complaint constitute[d] sexual assault in violation of the [Policy] and [SJC's] Sexual Misconduct Policy." Compl, [Doc 1-A], ¶¶ 109-14; *see* Exh. 1, pp. 14-15. The Title IX Office

---

[2] Because the Complaint refers repeatedly to the Policy, *see* Compl, [Doc 1-A], ¶ 101-02 the Policy is incorporated by reference for purposes of this motion and does not convert the instant motion to a motion for summary judgment. *See Hartleib v. Weiser L. Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021) ("A Rule 12(b)(6) motion must be treated as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court. Conversion to a summary judgment motion is not required, however, when the district court considers [. . .] matters of which a court may take judicial notice. Because a court may consider facts subject to judicial notice without treating a motion to dismiss as a motion for summary judgment, a court may consider documents reflecting facts that are a matter of public record as long as it considers those documents to show their contents, not to prove the truth of the matters asserted therein.") (internal quotation marks, citations and authorities omitted)."In addition to the complaint, the [] court may consider documents referred to in the complaint [on a motion to dismiss] if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

explicitly notified Plaintiff that a neutral and impartial fact-finder ("Investigator") would gather evidence and investigate the alleged complaint in accordance with the Policy. *See* Compl, [Doc 1-A], ¶¶ 124, 134; Exh. 1, p. 16.

Upon the conclusion of the investigation, the Investigator issued its Final Investigator Report on January 10, 2023. Compl, [Doc 1-A], ¶ 159. Based on the Final Investigator Report, the Title IX Coordinator, Defendant Guevara, "conclude[d] that a Sexual Misconduct Hearing Panel could find a preponderance of the evidence that the alleged Prohibited Conduct occurred and that a non-hearing resolution [was] . . . not possible . . ." Exh. 1, p. 20; *see* Compl, [Doc 1-A], ¶ 186. Accordingly, the Title IX Coordinator referred Plaintiff's case to a Hearing Panel for a formal hearing ("Hearing"). Compl, [Doc 1-A], ¶ 188. Shortly after the Final Investigation Report was issued, Plaintiff withdrew his enrollment as a student at SJC. Compl, [Doc 1-A], ¶ 181. Prior to the Hearing, Plaintiff was dissatisfied with the applicable Hearing Panel procedures as set forth in the Policy, more particularly that the Hearing Panel deemed many of his witnesses and proposed evidence as irrelevant. Compl, [Doc 1-A], ¶¶ 192-193.

After having to vacate the initial Hearing schedule on February 28, 2023, the Hearing was rescheduled for March 23, 2023, via zoom. Compl, [Doc 1-A], ¶¶ 188-94. On or about April 6, 2023, the Hearing Panel issued its final decision and found that there was insufficient evidence to support a finding that Plaintiff violated the Policy or the Sexual Misconduct policies. Compl, [Doc 1-A], ¶¶ 200-01. On July 17, 2024, Plaintiff filed a Complaint against College Defendants asserting the following claims: Count I, Violation of Title IX, 20 U.S.C. §1681 – Selective Enforcement; Count II, Violation of Title IX, 20 U.S.C. §1681 – Retaliation; Count III, Denial of Fourteenth Amendment Due Process Rights, 42 U.S.C. § 1983; Count IV, Denial of Fourteenth Amendment Equal Protection Rights, 42 U.S.C. § 1983; Count V, Breach of Contract; Count VI, Breach of

Implied Covenant of Good Faith and Fair Dealing; Count VII, Intentional Infliction of Emotional Distress; Count VIII, Negligence; and Count IX, Prima Facie Tort..

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must do more than allege entitlement to relief; he must show such an entitlement with facts. While the Court treats well-pleaded factual allegations as true, bare allegations, labels, legal conclusions, and/or "[t]hread bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## ARGUMENT

**I.  COLLEGE DEFENDANTS ARE NOT STATE ACTORS UNDER SECTION 1983.**

To establish a constitutional due process claim under 42 U.S.C. § 1983, Plaintiff must first establish that Defendants are state actors. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). More particularly, "[plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted); *Rendell-Baker*, 457 U.S. at 837 (1982) (citation omitted) ("[T]he Fourteenth Amendment, which prohibits the states from denying federal

constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities."). "When addressing whether a private party acted under color of law, [the Court] therefore start[s] with the presumption that private conduct does not constitute governmental action." *Sutton*, 192 F.3d at 835.

### A.     College Defendants are not state actors.

Plaintiff attempts to "plead-around" the Section 1983 statutory requirements by simply asserting that "College Defendants acted under color of state law." Compl, [Doc 1-A], ¶¶ 286, 295.[3] However, at the pleading stage, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.; see Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009) (citing *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)) ("If the plaintiff fails to allege an essential element of his claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6).") Plaintiff's factual allegations make clear that SJC is private actor: indeed, Plaintiff's Complaint acknowledges that SJC is a "*private college located in Santa Fe, New Mexico*". Compl, [Doc 1-A], ¶ 12 (emphasis added). As Plaintiff's own admission suggests, SJC is a private institution and not a state actor "acting under the color of state law."

While courts recognize limited exceptions to this rule when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself", none apply here. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic*

---

[3] To the extent the Court denies College Defendants' Partial Motion to Dismiss and determines that College Defendants are state actors (which College Defendants dispute), Defendants Roosevelt and Guevara reserve the right to move for qualified immunity under Plaintiff's Counts III and IV.

*Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924 (2001) (internal quotation marks omitted). Such a nexus may be found where (1) the "challenged activity . . . results from the State's exercise of coercive power"; (2) "the State provides significant encouragement, either overt or covert" for the challenged activity; (3) the "private actor operates as a willful participant in joint activity with the State"; (4) a "nominally private entity...is controlled by an agency of the State"; (5) the private entity "has been delegated a public function by the State"; and (6) the private entity is "entwined with governmental policies." *Id.* at 296; *see also Wittner v. Banner Health*, 720 F.3d 770, 775–78 (10th Cir. 2013) (identifying four "tests" for determining whether private conduct constitutes state action for purposes of § 1983).

Plaintiff's Complaint is devoid of facts sufficient to establish that any such nexus exists; rather, Plaintiff merely suggests that College Defendants are state actors simply because SJC receives government funding, is required to comply with applicable state and federal law, is subject to the coercive impact of complying with federal law surrounding campus sexual assault, and performs a similar public function in investigating and potentially imposing penalties on members of the SJC community.

    i. <u>Receiving government funding does not convert a private corporation into a state actor.</u>

Plaintiff implies that College Defendants are state actors because SJC "receives federal and state funding." Compl, [Doc 1-A], ¶ 12. However, receipt of government funds is insufficient to convert a private university into a state actor, even where "virtually all of the school's income [i]s derived from government funding." *Rendell-Bake*, 457 U.S. at 840 (holding that a school's receipt of government funds did not convert its discharge decisions into actions of the state, even though the school derived almost all of its income from public funding); *Wittner* 720 F.3d at 776 (10th Cir. 2013) ("[ . . .] even substantial state funding of the activities of a private entity is no more

7

persuasive than the fact of regulation of such an entity in demonstrating that the State is responsible for decisions made by the entity in the course of its business.") (internal quotation marks and brackets omitted); *Tsuruta v. Augustana Univ.*, 2015 WL 5838602, at *2 (D.S.D. Oct. 7, 2015) (finding that private university's receipt of Title IX funding, standing alone, was insufficient to satisfy state action requirement). Therefore, SJC's receipt of government funding is not enough to transform it (or its employees) into a state actor for purposes of Plaintiff's Section 1983 claims.

        ii.    <u>Complying with state and federal law does not convert a private corporation into a state actor.</u>

Plaintiff contends that College Defendants' compliance with state and federal anti-discrimination and anti-sexual harassment laws makes them state actors because of the government's inherit coercive effect. Compl, [Doc 1-A], ¶¶ 214-34; *see e.g.,* Compl, [Doc 1-A], ¶¶ 233 (alleging SJC failed to comply with federal Title IX regulations to "avoid any institutional harm resulting from bad media attention, student outrage, and/or possible loss of federal funds pursuant to an [Office of Civil Right] investigation," when SJC moved forward with investigating the sexual assault complaint against Plaintiff). This assertion is unavailing as compliance with generally applicable laws is not sufficient to convert private conduct into state action. *See, e.g., Sutton*, 192 F.3d at 841 ("[G]overnmental compulsion in the form of a generally applicable law, without more, is [not] sufficient to deem a private entity a governmental actor."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."); *Rendell-Baker*, 457 U.S. at 833 (finding no state action where state regulation required school to draft rules for dismissing employees and comply with "an equal employment opportunity requirement"); *Kitchens v. Bowen*, 825 F.2d 1337, 1339–40 (9th Cir.

1987) (finding no state action where federal law conditioned receipt of federal funds on compliance with statutory and regulatory program requirements).

Although the Tenth Circuit has yet to address this issue, numerous courts have determined that a private college or university's compliance with Title IX regulations does not automatically transform that school into a state actor for purposes of the Fourteenth Amendment. *See, e.g.*, *Faparusi v. Case W. Reserve Univ.*, 711 Fed.Appx. 269, 275–76 (6th Cir. Oct. 4, 2017) (unpublished); *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013–14 (9th Cir. 2020); *Tsuruta*, 2015 WL 5838602, at *2–3; *Doe v. Washington & Lee Univ.*, 2015 WL 4647996, at *9; *see also Doe v. Case W. Reserve Univ.*, 2017 WL 3840418, at *10.; *Doe v. Univ. of Denver*, 2018 WL 1304530, at *5-8 (D. Colo. Mar. 13, 2018).

More particularly, that a private actor's conduct may be subject to penalties for not complying with applicable federal and state law, such as loss of funding, is insufficient to convert private action into that of the state. *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1010, 102 S.Ct. 2777 (2001) ("[P]enalties imposed for violating the regulations add nothing to respondents' claim of state action."); *Kitchens*, 825 F.2d at 1339–40. Moreover, Plaintiff does not allege that the government commanded a particular result in, or otherwise participated in, his specific case. *See, e.g., Blum*, 457 U.S. at 1010, 102 S.Ct. 2777 (finding no state action where government regulations did "not dictate the decision to discharge or transfer in a particular case"); *Sutton*, 192 F.3d at 843; *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024, 1034 (9th Cir. 1989); *Heineke,* 965 F.3d at 1013–14.

In fact, as the Sixth Circuit observed in *Faparusi v. Case Western Reserve Univ.*, there is not "a single case in which a court has determined that a private school's compliance with Title IX's regulations make that entity a state actor for purposes of a Fourteenth Amendment Due

Process claim." 711 F. App's 269, 276 (6th Cir. 2017). Therefore, SJC mandate in complying with state and federal law does not convert SJC – a private actor – into a state actor for purposes of Plaintiff's Section 1983 claims.

> iii. Performing a public function, such as investigating and potentially imposing penalties, does not convert a private corporation into a state actor.

Lastly, Plaintiff implies that College Defendants were performing a public function when investigating and determining the sexual assault claim against him. Compl, [Doc 1-A], ¶¶ 105-206; 274-300. Courts have consistently found that a private university's internal investigative and decision making process involving sexual misconduct allegations is not a public function for purposes of the Fourteenth Amendment. *See, e.g., Woytowicz v. George Washington University*, 327 F.Supp.3d 105, 116 (D.D.C. 2018) (dismissing § 1983 claim against private university because the university's investigation and discipline of employee for sexual harassment did not amount to a public function); *Collins v. Northwestern University*, 164 F.Supp.3d 1071, 1076-77 (N.D. Ill. 2016) (same); *see also*, *Klunder v. Brown Univ.*, 778 F.3d 24, 32-33 (1st Cir. 2015); *Logiodice v. Trs. of Maine Cent. Inst.*, 296 F.3d 22, 28 (1st Cir. 2002); *Tynecki v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 32 (D. Mass. 1994); *Doe v. Harvard Univ.*, 462 F. Supp. 3d 51, 64 (D. Mass. 2020).

Based on well-established case law, SJC is not transformed into a state actor for purposes of Plaintiff's Section 1983 claims because of SJC's internal investigative and decision making process involving allegations of sexual misconduct.

Put simply, Plaintiff's Complaint fails to state a claim upon which relief may be granted, as there are no facts sufficient to establish that College Defendants are "state actors."

## CONCLUSION

For the foregoing reasons, College Defendants are not state actors, and therefore, Plaintiff has failed to state a claim upon which relief can be granted for violations of the Fourteen Amendment under 42 U.S.C. § 1983. Accordingly, Defendants respectfully request that this Court enter an order dismissing Counts III and VI from Plaintiff's Complaint.

Respectfully Submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Jennifer Anderson*
Jennifer G. Anderson
Margaret M. Hickey
Post Office Box 2168
Albuquerque, NM 87103-2168
Tel: (505) 848-1800
*jennifer.anderson@modrall.com*
*mhickey@modrall.com*
*Attorneys for Defendant St. John's College*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of September, 2024, I filed the foregoing electronically through the CM/ECF system upon the following counsel:

| | |
|---|---|
| Mark T. Baker | Gerald B. Lefcourt |
| Abigail L. Pace | Faith A. Friedman |
| Peifer Hanson Mullins & Baker, PA | Gerald B. Lefcourt, P.C. |
| P.O. Box 25245 | 1776 Broadway, Suite 2000 |
| Albuquerque, NM 87125-5245 | New York, NY 10019 |
| Tel: (505) 247-4800 | Tel: (212) 737-0400 |
| *mbaker@peiferlaw.com* | *gbl@lefcourtlaw.com* |
| *apace@peiferlaw.com* | *ffriedman@lefcourtlaw.com* |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By:    */s/ Jennifer G. Anderson*
         Jennifer G. Anderson